By the Court:
That fraud was not to be prefumed, and that the fame reafoning would hold to prove a deed void becaufe it might be fraudulent, even without proof.—It was then faid by Mr. Miller that the tranf-aftion is of fuch a nature that it would be im-poflible for the attaching creditors to make proof—No cafe can be fuppofed where fraud may be fo eafily prafticed, and the deteftion fo difficult to the perfons interefted in dete<fting it as the prefent.—The cafe put by the Court is not therefore analogous to the one under confideration—T H E C o U R T anfwered that any circumftances leading to a fufpicion that the alignment was fraudulent would destroy the legal prefumption of a fair alignment and call the proof on the alignee.—The defendant’s counsel then contended that Mr. Chauncey was not duly cited.—That the alignee ought to have brought a petition in equity and to have fummoned all interefted perfons, and in that cafe, if they neglefled to appear, they would be concluded by the judgement—that *49 the process in this case as relative to Mr. Chauncey ought to be so conducted as that he should be concluded by the decision, and estopped from any future proceeding against the defendant.—But the Court said that in appeals from probate etc. where it appears that persons not summoned may be affected by the determination, the Court will order a citation to issue, and if they do not then appear, the decision as to them is conclusive,—Mr. Dana —There is a distinction between these cases and the present.—Where the process is compulsory, and where the decision has a subject matter to operate upon, such reasoning will apply and the practice may have been adopted —But in the present case Mr. Chauncey is not so made a party as that the decision will at all affect his right of pursuing the defendant with a scire facias upon his judgement against Bellamy.
By the Court: Judgement for the plaintiff—
It was moved to the Court that there might be a set-off of a judgment obtained by Mr. Storrs against Bellamy for articles delivered to Bellamy previous to the assignment to Lucas— But—
By the Court: This cannot be done on motion. The Court have no such power but as a court of chancery.
It was then moved that execution be stayed, that Storrs might have time to bring forward a petition in chancery for the above purpose.— And—
By the Court: Execution ought to be stayed till the next term.—The note was *50 not negotiable, and therefore all articles credited to Bellamy, by Storrs after giving the note, and before notification of the assignment must be presumed to have been intentionally paid m toward the note.—
That matter was then compromised and the contents of Storrs judgement agreed to be endorsed.
The defendant’s counsel then moved the Court that no cost be taxed in favor of the plaintiff, antecedent to the time that Mr. Chauncey was cited in; because Storrs could not with safety suffer, nor the plaintiff till then be entitled to a judgement.—
And of this opinion was the whole court ; so no cost was taxed antecedent to that time, nor any allowed for citing in Mr. Chauncey.—
From the foregoing adjudication it seems that the proper method of bringing a suit in a case circumstanced like Bellamy and Storrs, will be, after declaring in the usual form to order the sheriff to leave a copy with the attaching creditors.—